## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ZLOOP, INC.** | * **CIVIL ACTION** |
| **Plaintiff** | * |
| | * **NO.** _____ |
| | * |
| **VERSUS** | * **JUDGE** _____ |
| | * |
| | * **MAGISTRATE JUDGE** |
| **PHELPS DUNBAR, L.L.P., HEATHER** | * |
| **DUPLANTIS, MICHAEL D. HUNT,** | * _____ |
| **KELLY KROMER BOUDREAUX, and** | |
| **MARC G. MATTHEWS** | |
| **Defendants** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Phelps Dunbar, L.L.P., Heather Duplantis, Michael D. Hunt, Kelly Kromer Boudreaux, and Marc G. Matthews, defendants in the matter entitled *"Zloop, Inc. (by and through Patrick Traé O'pry, Plan Administrator) v. Phelps Dunbar, L.L.P., Heather Duplantis, Michael D. Hunt, Kelly Kromer Boudreaux, and Marc G. Matthews,"* Suit, No. 656,995, Section 23, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, file this notice of removal of a civil action to the United States District Court for the Middle District of Louisiana, respectfully representing the grounds for removal as follows:

1.

The plaintiff, Zloop, Inc., filed on April 10, 2017 its Petition for Damages and Request for Notice in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, which is within the jurisdiction of the Middle District of Louisiana.

2.

On June 16, 2017, the defendants received their first notice of the above-referenced civil action through undersigned counsel, who is the defendants' counsel of record in an April 7, 2017 parallel lawsuit which is pending on the docket of this Court as *"Zloop, Inc. (by and through*

925642.1

*Patrick Traé O'pry, Plan Administrator) v. Phelps Dunbar, L.L.P., Heather Duplantis, Michael D. Hunt, Kelly Kromer Boudreaux, and Marc G. Matthews,"* Civil Action No. 3:17-cv-00222 (the "pending Middle District Federal Court Suit"). The plaintiff and defendants in both the 19th JDC suit and the pending Middle District Federal Court Suit are identical.

3.

The defendants also received notice on June 16, 2017 from undersigned counsel (who received notice on June 15, 2017) that Zloop filed a First Amended Petition for Damages with Jury Request in its 19th JDC suit on June 16, 2017.

4.

Neither the original petition nor the first amended petition in the 19th JDC suit has been served on any of the defendants.  Undersigned counsel has agreed to accept service for the various defendants, but to date, no service has been effected.

5.

Named as defendants in the 19th JDC petition are Phelps Dunbar, L.L.P., Heather Duplantis, Michael D. Hunt, Kelly Kromer Boudreaux, and Marc G. Matthews.

6.

According to plaintiff's petition in the 19th JDC suit, ¶1, Zloop, Inc. is an inactive Delaware corporation in liquidation pursuant to a Chapter 11 Plan of Liquidation in the United States Bankruptcy Court for the District of Delaware that was confirmed on October 25, 2016 and which became effective on December 1, 2016 (the Plan).  The Plan is administered by the Plan Administrator, Patrick Traé O'pry.  Zloop last conducted business in North Carolina. Under Zloop's Plan, its remaining assets, which are being liquidated, are primarily the claims

and causes of action that are asserted in the state court petition and the parallel federal litigation, Case No. 3:17-cv-00222.

7.

Both the 19th JDC Suit and the pending Middle District Federal Suit arise out of the same operative facts involving two lawsuits brought by Kendall Mosing against Zloop: one in the Western District of Louisiana, Lafayette Division, and the other in Texas state court.

8.

Phelps Dunbar was retained to represent Zloop and two of its officers, Robert Boston and Robert LaBarge, in the Lafayette suit for the limited purpose of enforcing a forum selection clause in the franchise agreements at issue, a clause that mandated that any litigation be brought in North Carolina.  The Phelps firm also was retained to represent Zloop, the sole defendant, in the Texas case.

9.

All of the general allegations in the 19th JDC suit and the pending Middle District Federal Court suit are identical.  Additionally, Zloop's 19th JDC petition asserts three causes of action which are precisely the same as three of the causes of action alleged in the parallel federal litigation: legal malpractice; breach of fiduciary duty; and aiding and abetting breach of fiduciary duty.  These claims are all premised on an alleged conflict of interest that Phelps and its attorneys had in jointly representing Zloop, Boston, and LaBarge.

10.

Zloop is a citizen of Delaware. *Carlton v. Baww, Inc.,* 751 F.2d 781, 787 (5th Cir. 1985) (the citizenship of the bankrupt entity is determinative for diversity jurisdiction); *Harris v. Black*

*Clawson Co.,* 961 F.2d 547, 551 (5th Cir. 1992) (majority rule is that where a corporation has been inactive for a period of time, the state of incorporation rather than the previous principal place of business should be considered when determining if diversity is jurisdiction present). Moreover, in its pending Middle District Federal Court suit, Zloop affirmatively contended in its complaint, ¶9, emphasis supplied:

> ***Zloop is a citizen of Delaware and possibly North Carolina.*** *Harris v. Black Clawson Co.,* 961 F.2d 547, 551 (5th Cir. 1992); *Midlantic Nat. Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir. 1995); *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.,* 933 F.2d 131, 141 (2d Cir. 1991).

11.

In the 19th JDC suit, Zloop alleges that Phelps Dunbar is a limited liability partnership formed under Louisiana law and domiciled in Orleans Parish, Louisiana (¶ 2). The petition further alleges that Phelps is a law firm that at all relevant times engages in the practice of law in Louisiana and maintains offices in Baton Rouge from which the legal work at issue in this matter was performed and/or directed (¶ 2). Zloop also alleges that defendants Duplantis, Hunt, and Boudreaux are all Louisiana-licensed attorneys working out of Phelps' Baton Rouge office(¶¶ 3-5). Finally, Zloop alleges that defendant Matthews is a Texas-licensed lawyer working out of Phelps' Houston office, but taking direction in this matter from Boudreaux and Hunt out of the Baton Rouge office(¶ 6).

12.

Zloop claims in the 19th JDC suit (¶145, fn. 9) that, at a minimum, defendants owe "those damages incurred as a result of their actions/inactions which led to Zloop's bankruptcy, including all damages which flowed therefrom, not the least of which was the entering of the $40 million allowed unsecured claim against it." Zloop also alleges other damages as set forth in paragraph 145.

925642.1

13.

The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the parties are diverse and the amount in controversy exceeds $75,000.

14.

Zloop has specifically pleaded federal claims in its petition arising in and related to a case under Title 11 of the United States Code, the Bankruptcy Code. Therefore, federal question jurisdiction also exists under 28 U.S.C. § 1334 as this is a bankruptcy civil or core proceeding arising under Title 11 of the United States Code, or arising in or related to a case under Title 11 of the United States Code. Federal question jurisdiction further exists under 28 U.S.C. § 1331 in that Zloop claims that the Bankruptcy Code, specifically 11 U.S.C. § 108(a), preempts state law limitations periods regarding claims brought by bankruptcy debtors. 19th JDC suit, ¶ 89.

15.

This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1331 in that it arises under the laws of the United States. Congress has directed that federal courts have jurisdiction over all cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Normally, the well-pleaded complaint rule requires that, for a federal court to have "arising under" jurisdiction, the plaintiff's federal law claims must appear on the face of the complaint. *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

16.

As grounds for diversity jurisdiction and federal question jurisdiction are met, this case may be removed to the United States District for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1441.[i]

17.

Defendants' removal of this action is timely as this notice of removal is filed within 30 days of their June 16, 2017 receipt of the petition and the amending petition. 28 U.S.C. § 1446(b). The petition and amending petition have not yet been served on undersigned counsel who agreed to accept service on Defendants' behalf.

18.

One year has not expired since the commencement of this action.   28 U.S.C. § 1446(c)(1).

19.

This Court may also maintain jurisdiction over Zloop's state law claims under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

20.

Defendants have not been served with any process, pleadings, or orders filed in this matter but they are aware of the following:

    a.    Petition for Damages and Request for Written Notice (with filing letter); and

    b.    Fax-filed First Amended Petition for Damages with Jury Request (with filing letter).

---

[i] Zloop alleges the same bases for jurisdiction, 28 U.S.C. §§ 1332, 1331, and 1334, in its pending Middle District Federal Court Suit, Complaint, ¶¶ 9-10.

Attached *in globo* as Exhibit A is a copy of the process, pleadings, and orders filed in the 19th Judicial District Court as of this date. 28 U.S.C. § 1446(a),

21.

Promptly after this notice of removal is filed, written notice will be given to all adverse parties and a copy of the notice of removal will be filed with the Clerk of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, in compliance with 28 U.S.C. § 1446(d).

22.

This notice of removal does not waive any objections, motions or exceptions that defendants would have if this matter remained in state court.  The defendants reserve all objections, motions, and exceptions it may have.

WHEREFORE, Phelps Dunbar, L.L.P., Heather Duplantis, Michael D. Hunt, Kelly Kromer Boudreaux, and Marc G. Matthews pray that this notice of removal be accepted as good and sufficient, and that the Petition for Damages and First Amended Petition for Damages with Jury Request be removed from the state court to this Honorable Court for trial and determination as provided by law, that the Court enter such orders and issue such process as may be proper to bring before it, including copies of all records and proceedings in the civil action from state court, proceeding with the civil action as if it had originally been commenced in this Court.

Respectfully submitted,

*/s/ Michael H. Rubin*

Michael H. Rubin (La. Bar No. 10833)
Christine Lipsey (La. Bar No. 1182)
Jon Ann Giblin (La. Bar No. 23093)
Rachal Cox (La. Bar No. 37082)
McGLINCHEY STAFFORD, PLLC
301 Main Street, Fourteenth Floor

925642.1

Baton Rouge, Louisiana  70801
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076
mrubin@mcglinchey.com
clipsey@mcglinchey.com
jgiblin@mcglinchey.com
rcox@mcglinchey.com

*Attorneys for Defendants: Phelps Dunbar, L.L.P.,
Heather Duplantis, Michael D. Hunt, Kelly Kromer
Boudreaux, and Marc G. Matthews*

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the above pleading has been served upon all counsel of record in this matter via the Court's ECF system or U. S. Mail, first class, postage prepaid and properly addressed, on June 23, 2017.

*/s/Michael H. Rubin*

925642.1